Case 5:22-cv-00043   Document 10   Filed on 10/27/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| FLOR ESTHELA CERDA DE RUIZ, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 5:22-CV-43 |
| ALMANZA VILLARREAL FORWARDING, LLC, | § § § | |
| Defendant. | § § | |

## AMENDED REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's Motion to Dismiss or, Alternatively to Transfer to McAllen Division (Dkt. No. 5), and Plaintiff's Response (Dkt. No. 7). The District Court referred the above motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b).

### I. FACTUAL BACKGROUND

Plaintiff Flor Cerda de Ruiz ("Ms. Cerda") filed her Original Complaint on May 20, 2022, in this court, asserting federal question jurisdiction. (Dkt. No. 1). Ms. Cerda sues her former employer, Almanza Villarreal Forwarding, LLC ("AVF"), where she worked in accounts receivable at the main office in Hidalgo, Texas. (Dkt. Nos. 1 and 5). She alleges violations of the Families First Coronavirus Response Act ("FFCRA"), the Emergency Paid Sick Leave Act, 29 C.F.R. § 826.10 *et. seq.* ("EPSLA"); the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"); and Chapter

1

21 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq.* ("Chapter 21"), for adverse employment actions she asserts were taken against her for requesting paid leave due to her and her daughter's disabilities that made them vulnerable to COVID-19. (Dkt. No. 1).

## II. LEGAL STANDARD

A party may move to dismiss based on improper venue. Fed. R. Civ. P. 12(b)(3). Once a defendant challenges venue, the burden of proof is on the plaintiff to establish that venue is proper in the district. *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011) (citation omitted). On a motion challenging venue, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). When a civil action has been filed in the wrong venue, Section 1406(a) instructs district courts to "dismiss the case, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer lies within the Court's discretion. *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp.2d 779, 788 (S.D. Tex. 2012).

## III. DISCUSSION

Defendant moves, pursuant to Section 1406(a), to dismiss or, in the alternative, to transfer the case to the McAllen Division. In his motion, Defendant argues that venue in the Laredo Division is improper in this case for two reasons: (1) the events giving rise to this action did not occur in the Laredo Division, and (2) all of the parties

reside in Hidalgo County. Plaintiff responds that the general venue statute speaks only of "districts" and not "divisions," and that under the general venue statute if venue is proper in the Southern District of Texas, she may properly file her case in any division of the Southern District, which includes the Laredo Division. The Undersigned discusses each of Defendant's motions in the paragraphs below.

### A. Motion to Dismiss

The question of whether venue is "improper" within the meaning of Rule 12(b)(3) or "wrong" within the meaning of Section 1406(a) depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 468, 577–78 (2013).

> The general venue provision in 28 U.S.C. § 1391(b) states as follows:
> (b) A civil action may be brought in—
>    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or
>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[1] For venue purposes, a corporate defendant resides in any district in which it is subject to personal jurisdiction at the time the action is brought. *Id.* § 1391(c).

---

[1] Plaintiff's Response also discusses the specific venue provision, 42 U.S.C. § 2000e–5(f)(3), relevant to her ADA claims which she asserts, and Defendant admits, the Court has supplemental jurisdiction over. (*See* Dkt. Nos. 1, 6, and 7). The special venue provision requires the claim be

Here, as Plaintiff points out, the parties do not dispute that AVF resides in Hidalgo County or that the alleged events that gave rise to Ms. Cerda's claims took place in Hidalgo County. (Dkt. Nos. 1, 5, 6 and 7). Hidalgo County is in the Southern District of Texas, McAllen Division. *See* 28 U.S.C. § 124(b)(7). Therefore, venue is proper in the Southern District of Texas.[2]

Accordingly, the Undersigned recommends that Defendant's motion to dismiss should be denied.

### B. Motion to Transfer

In the alternative, Defendant moves, pursuant to Section 1406(a), to transfer venue to the McAllen Division. (Dkt. No. 5).

The Fifth Circuit has recognized that when the selected venue is proper, the transfer of venue from one division to another is governed by Section 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

brought (1) in any judicial district where the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e–5(f)(3). Because the special venue provision, like Section 1391, makes no mention of "division," a separate analysis would essentially be repetitive.

[2] This conclusion is consistent with prior decisions of district courts in the Southern District of Texas, and of others. *See e.g.*, *Sandbox Logistics LLC v. Grit Energy Solutions LLC*, No. 3:16-cv-12, 2016 WL 4400312 (S.D. Tex. Aug. 17, 2016) ("The venue statute, 28 U.S.C. § 1391, is based on districts, not divisions. If venue is proper in Galveston, it is also proper in Houston); *Galindo v. Reeves County Texas*, EP-10-CV-454-DB, 2011 WL 13175764, at *2 (W.D. Tex. Apr. 12, 2011) ("the parties do not dispute that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the WDT. Therefore, venue is permissible anywhere in the WDT"); *Morrow v. City of Tenaha Deputy City Marshal Washington*, CIV.A. 2:08-CV-288, 2008 WL 5203843, at *2 (E.D. Tex. Dec. 11, 2008)("28 U.S.C. § 1393, which required suit to be brought in a particular division within a district, was repealed[.]")

where it might have been brought." 28 U.S.C. 1404(a); *see In re Radmax, Ltd.*, 720 F.3d 285, 287–88 (5th Cir. 2013). The moving party must demonstrate that "'the transferee venue is clearly more convenient' taking into consideration" certain private and public factors. *Id.* at 288.

Here, because venue in the Laredo Division is proper, the only grounds for transfer are pursuant to Section 1404(a). Defendant does not move on those grounds. Assuming Defendant did move on correct grounds, Defendant fails to mention any of the relevant factors, much less address them. Defendant states that Plaintiff is a resident of Hidalgo County. Defendant also states that the events giving rise to Plaintiff's claims occurred in Hidalgo County, and he cites to an attached affidavit which states the same. These facts alone, however, merely indicate that venue is also proper in the McAllen Division. Therefore, Defendant has not met his burden to show that venue in the McAllen Division would be more convenient.

Accordingly, the Undersigned recommends that Defendant's alternative motion to transfer should also be denied.

## IV. RECOMMENDATIONS

The Undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss for Improper Venue. (Dkt. No. 5).

The Undersigned further **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Transfer for Improper Venue. *Id.*

SIGNED this 27th day of October, 2022.

_____
CHRISTOPHER DOS SANTOS
UNITED STATES MAGISTRATE JUDGE

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).